Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MIGUEL N. REYES VÉLEZ<br><br>Peticionario | KLCE202400523 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Sobre: Tent. Art. 106 CP, Art. 5.04 LA, Art. 5.07 LA<br><br>Crim. Núm.:<br>A LA2013G00203<br>A LA2013G00204 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de julio de 2024.

Examinado el presente auto de *certiorari*, procedemos a **desestimar** el recurso, por carecer de jurisdicción. **Veamos.**

**-I-**

El **13 de mayo de 2024**, el Sr. Miguel N. Reyes Vélez (en adelante, "señor Reyes Vélez o peticionario") acudió ante nos por derecho propio mediante el presente recurso de *certiorari*. Surge del escrito que el peticionario se encuentra confinado en la *Institución Correccional Ponce 1000 Adulto,* cumpliendo una pena de 88 años de cárcel. En un esfuerzo por comprender la petición que nos hace el peticionario, parece que nos solicita que modifiquemos la sentencia que le fue impuesta al habérsele encontrado culpable por violar el Artículo 106 del *Código Penal de Puerto Rico* (2004),[1] e infringir los artículos 5.04 y 5.07 de la derogada Ley de Armas de

---

[1] Artículo 106 de la Ley Núm. 149 – 2004, conocida como *Código Penal de Puerto Rico de 2004,* 33 LPRA ant. sec. 4734.

Puerto Rico de 2000.[2] En suma, alegó que su sentencia fue una excesiva e inusual.

Sin embargo, notamos que el recurso presentado por el señor Reyes Vélez no hace referencia a decisión alguna cuya revisión solicita,[3] ni contiene una relación fiel de hechos procesales ni materiales. Advertimos, además, que su recurso no estuvo acompañado de un apéndice.

El **28 de junio de 2024**, compareció *El Pueblo de Puerto Rico* representado por el Procurador General. En esencia, señaló que este foro apelativo carece de jurisdicción ante la omisión de los documentos esenciales para evaluar el presente caso. Ante ello, solicitó la desestimación del auto solicitado.

**-II-**

**A.**

La Regla 34 del Reglamento del Tribunal de Apelaciones,[4] dispone qué contendrá la solicitud de *certiorari*. Dicho escrito debe contener:

> **(A) Cubierta**
> *La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:*
>> *(1) Epígrafe*
>> *El epígrafe del escrito de certiorari contendrá el nombre de todas las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrida".*
>> *(2) Información sobre abogados o abogadas y partes*
>> *Se incluirá el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico, y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria y del abogado o abogada de la parte recurrida, o el nombre, la dirección postal, la dirección de correo electrónico, si la tuvieran, y el teléfono de las partes si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.*
>> *(3) Información del caso*

---

[2] Artículos 5.04 & 5.07 de la Ley Núm. 404 – 2000, conocida como la *Ley de Armas de Puerto Rico*, 25 LPRA ant. sec. 458c, 458f.

[3] Cabe señalar que el peticionario menciona en su escrito un dictamen emitido el 14 de noviembre de 2023, sin embargo, no presenta un argumento completo.

[4] Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34.

*Deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, la Sala que resolvió la controversia objeto de revisión, el número ante dicha Sala, y la naturaleza, la materia y el asunto.*

**(B) Índice**

*Inmediatamente después, habrá un índice detallado de la solicitud y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.*

**(C) Cuerpo**

*(1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:*

*(a) En la comparecencia, el nombre de las partes peticionarias.*

*(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.*

*(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.*

*(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.*

*(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.*

*(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.*

*(g) La súplica.*

*(2) No se permitirá la presentación de un memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de la solicitud de certiorari.*

*(3) En caso de que en la solicitud de certiorari se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de ésta, la parte peticionaria procederá conforme se dispone en la Regla 76.1, una vez se expida el auto o antes si así lo ordenara el Tribunal. De tratarse de una solicitud de certiorari para revisar sentencias en casos de convicción por alegación de culpabilidad bajo la Regla 32(A) del Reglamento, la parte peticionaria procederá conforme se dispone en la Regla 29.*

**(D) Número de páginas**

*La solicitud de certiorari no excederá de veinticinco páginas, exclusive de la certificación de notificación, del índice y del Apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) del Reglamento.*

**(E) Apéndice**

**(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:**

**(a) Las alegaciones de las partes, a saber:**

> *(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;*
> ***(ii) en casos criminales, la denuncia y la acusación, si la hubiere.***
> *(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.*
> *(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.*
> *(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.*
> *(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. […].[5]*

El Tribunal Supremo ha reiterado que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones **deben observarse rigurosamente**.[6] De igual modo, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[7] Todavía más, una parte no puede utilizar como subterfugio su comparecencia **por derecho propio** para incumplir con las normas procesales en cuanto a la presentación y perfeccionamiento de los recursos.[8]

En consecuencia, el ejercicio de la función revisora de los tribunales está gobernado por doctrinas de autolimitación, entre las cuales se encuentra la doctrina de justiciabilidad. Recordemos que

---

[5] *Íd. Énfasis nuestro.*
[6] *Soto Pino v. Uno Radio Group,* 189 DPR 84 (2013).
[7] *Íd.*
[8] *Febles v. Romar,* 159 DPR 714 (2003).

dicha doctrina, —en síntesis— persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. En otras palabras, **los tribunales existen para atender casos que planteen controversias reales, o sea, que sean justiciables**.[9]

Así pues, la Regla 83(C) del Reglamento del Tribunal de Apelaciones nos autoriza por iniciativa propia a **<u>desestimar</u>** recurso cuando ***claramente carece de jurisdicción***.[10]

### -III-

Nos encontramos ante un recurso que, a todas luces, no es justiciable. El peticionario no proveyó información que nos coloque en posición de adjudicar su recurso, puesto que no hizo referencia específica a la decisión emitida por el foro de instancia que pretende revisemos. Tampoco hizo una relación fiel de los hechos, ni argumentación en derecho que justifique su petición sobre modificación de sentencia. No incluyó un apéndice completo en apoyo a su solicitud, lo que resulta insuficiente para ejercer nuestra facultad revisora. Por tanto, estamos huérfanos de documentación judicial susceptible de revisión.

En consecuencia, nos vemos obligados a desestimar el recurso de *certiorari* de epígrafe.

### -IV-

Por los fundamentos antes expuestos, resolvemos **desestimar** el auto solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] *CEE v. Dpto. de Estado,* 134 DPR 927, 934-935 (1993). *Citas omitidas.*
[10] 4 LPRA Ap. XXII-B, R. 83(C).